FILED
2007 Jun-21 PM 01:05
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ALABAMA SOUTHERN DIVISION**

| | | |
|---|---|---|
| STEPHANIE THEORET,<br><br>Plaintiff,<br><br>v.<br><br>DAVOL INC.; C. R. BARD, INC.; A; B; C; D; E; F; G; H; I; J; K; L; M; N, O, P, Q, R,<br><br>Defendants. | ) | Civil Action No.: ____________ |

## NOTICE OF REMOVAL

Defendants Davol Inc. and C. R. Bard, Inc. ("Defendants"), by its undersigned counsel, hereby removes the above-captioned matter from the Circuit Court for Jefferson County, Alabama, to the United States District Court for the Northern District of Alabama, Southern Division, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. In support of removal, Defendants respectfully state:

1. Plaintiff filed this action in the Circuit Court for Jefferson County, Alabama, on May 11, 2007. Defendants were served on May 21, 2007.

2. As more fully set forth below, this case is properly removed to this Court pursuant to 28 U.S.C. § 1441 because Defendants have satisfied the procedural requirements for removal, and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1441(a).

**I. <u>Defendants Have Satisfied the Procedural Requirements for Removal</u>**

3. <u>Removal is timely</u>. Defendants were served with a copy of the Complaint on May 21, 2007. *See* Att. A (copy of all process, pleadings, and orders served upon, including the summons and complaint). This Notice of Removal is being filed within 30 days of the first date on which Defendants received a copy of the Complaint through service, and so is timely pursuant to 28 U.S.C. § 1446(b).

4. <u>Venue is proper</u>. The Circuit Court for Jefferson County, Alabama is located within the Northern District of Alabama, Southern Division, and, therefore, venue is proper in this Court pursuant to 28 U.S.C. § 81(a)(3) because it is "the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

5. No further proceedings have been had in the state court action.

6. No previous application has been made for the relief requested herein.

7. A copy of the written notice required by 28 U.S.C. § 1446(d) is attached as Att. B and is being filed in the Circuit Court for Jefferson County, Alabama and served on Plaintiffs.

**II. <u>Removal is Proper in This Case</u>**

8. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because this is a civil action between citizens of different states and the amount in controversy exceeds the sum of $75,000 exclusive of costs and interest.

**A. Complete diversity exists between Plaintiff and Defendants.**

9. Plaintiff is a resident of 1710 Tudor Drive, Birmingham, Jefferson County, Alabama. Compl. ¶ 1.

10. Davol and Bard are, and have been at all relevant times, corporations incorporated under the law of the states of Delaware and New Jersey respectively, with their principal places of business in Rhode Island and New Jersey. For purposes of determining jurisdiction pursuant to 28 U.S.C § 1332(c)(1), therefore, Davol and Bard are not citizens of the state of Alabama. Compl. ¶¶ 2 & 3.

11. The naming of fictitious defendants, namely A through R, is disregarded in making determinations regarding removal. *See* 28 U.S.C. § 1441(a).

**B. The amount in controversy requirement is satisfied.**

12. Plaintiff, in this medical device product liability action, alleges that defendants are liable in strict liability, negligence, breach of implied warranty, fraud, and negligent and intentional infliction of emotional distress. In making these allegations, Plaintiff fails to specify in her Complaint the amount she seeks in compensation. However, it is facially apparent from her Complaint that the jurisdictional amount in controversy is satisfied. *See, e.g., Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001) ("When the complaint does not claim a specific amount of damages, removal from state court is proper if it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement."). Here, she seeks "compensatory damages, costs, and any further relief to which she may be entitled" for "bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money and aggravation of previously existing conditions." These types of claims have been deemed sufficient by other federal courts in satisfying the amount in controversy prong to 28 U.S.C. § 1332.

*See, e.g., In re Silica Products Liability Litigation*, 398 F. Supp. 2d 563, 646 (S.D. Tex. 2005).

WHEREFORE, Defendants respectfully remove this action from the Circuit Court for Jefferson County, Alabama to this Court pursuant to 28 U.S.C. § 1441.

Dated: June 20, 2007

Respectfully submitted,

Crawford McGivaren, Jr.
Melanie M. Bass
Cabaniss, Johnston, Gardner, Dumas & O'Neal LLP
2001 Park Place North
Suite 700
Birmingham, AL 35203
(205) 716-5200

*COUNSEL FOR DEFENDANT DAVOL, INC. AND DEFENDANT C.R. BARD, INC.*

**CERTIFICATE OF SERVICE**

I hereby certify that I have served a true and correct copy of the foregoing on all parties to this proceeding, or their attorney of record, as follows:

Leigh Forstman., Esq.
Pittman, Dutton, Kirby, & Hellums, P.C.
1100 Park Place Tower
2001 Park Place North
Birmingham, AL 35203

by placing the same in the United States mail, first class postage prepaid and properly addressed this 20th day of June 2007.

OF COUNSEL

# ATTACHMENT A

| State of Alabama<br>Unified Judicial System<br><br>Form ARCiv-93 Rev.5/99 | **COVER SHEET**<br>**CIRCUIT COURT - CIVIL CASE**<br>(Not For Domestic Relations Cases) | Case Number:<br>01-CV-200<br>Date of Filing:<br>05/11/2007 |
|---|---|---|

ELECTRONICALLY FILED
5/11/2007 3:38 PM
CV-2007-[illegible]
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

## GENERAL INFORMATION

**IN THE CIRCUIT OF JEFFERSON COUNTY, ALABAMA**
**STEPHANIE THEORET v. DAVOL, INC ET AL**

**First Plaintiff:** ☐ Business ☑ Individual ☐ Government ☐ Other

**First Defendant:** ☑ Business ☐ Individual ☐ Government ☐ Other

**NATURE OF SUIT:**

**TORTS: PERSONAL INJURY**

- ☐ WDEA - Wrongful Death
- ☐ TONG - Negligence: General
- ☐ TOMV - Negligence: Motor Vehicle
- ☐ TOWA - Wantonnes
- ☑ TOPL - Product Liability/AEMLD
- ☐ TOMM - Malpractice-Medical
- ☐ TOLM - Malpractice-Legal
- ☐ TOOM - Malpractice-Other
- ☐ TBFM - Fraud/Bad Faith/Misrepresentation
- ☐ TOXX - Other: ________

**TORTS: PERSONAL INJURY**

- ☐ TOPE - Personal Property
- ☐ TORE - Real Property

**OTHER CIVIL FILINGS**

- ☐ ABAN - Abandoned Automobile
- ☐ ACCT - Account & Nonmortgage
- ☐ APAA - Administrative Agency Appeal
- ☐ ADPA - Administrative Procedure Act
- ☐ ANPS - Adults in Need of Protective Services

**OTHER CIVIL FILINGS (cont'd)**

- ☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/Enforcement of Agency Subpoena/Petition to Preserve
- ☐ CVRT - Civil Rights
- ☐ COND - Condemnation/Eminent Domain/Right-of-Way
- ☐ CTMP-Contempt of Court
- ☐ CONT-Contract/Ejectment/Writ of Seizure
- ☐ TOCN - Conversion
- ☐ EQND- Equity Non-Damages Actions/Declaratory Judgment/Injunction Election Contest/Quiet Title/Sale For Division
- ☐ CVUD-Eviction Appeal/Unlawfyul Detainer
- ☐ FORJ-Foreign Judgment
- ☐ FORF-Fruits of Crime Forfeiture
- ☐ MSHC-Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
- ☐ PFAB-Protection From Abuse
- ☐ FELA-Railroad/Seaman (FELA)
- ☐ RPRO-Real Property
- ☐ WTEG-Will/Trust/Estate/Guardianship/Conservatorship
- ☐ COMP-Workers' Compensation
- ☐ CVXX-Miscellaneous Circuit Civil Case

**ORIGIN:** F ☑ **INITIAL FILING** A ☐ **APPEAL FROM DISTRICT COURT** O ☐ **OTHER** ________

R ☐ **REMANDED** T ☐ **TRANSFERRED FROM OTHER CIRCUIT COURT**

**HAS JURY TRIAL BEEN DEMANDED?** ☑ **Yes** ☐ **No**

**RELIEF REQUESTED:** ☑ **MONETARY AWARD REQUESTED** ☐ **NO MONETARY AWARD REQUESTED**

**ATTORNEY CODE:** KIN035 5/11/2007 3:26:13 PM /s LEIGH FORSTMAN

**MEDIATION REQUESTED:** ☐ **Yes** ☐ **No** ☑ **Undecided**

ELECTRONICALLY FILED
5/31/2007 1:38 PM
CV-2007-[illegible]
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

**IN THE CIRCUIT COURT FOR JEFFERSON COUNTY, ALABAMA**
**CASE NO.: ____________**

**STEPHANIE THEORET, an individual;** )
)
)
**Plaintiff,** )
)
**v.** )
)
**DAVOL, INC.; a corporation;** )
**C.R. BARD, INC.; a corporation;** )

**A**, whether singular or plural, that entity which designed, manufactured, marketed, distributed and/or sold to Plaintiff the brand-name hernia patches which contributed to cause the Plaintiff's injuries and/or death made the basis of this suit; **B**, whether singular or plural, that entity which developed and/or manufactured the brand-name hernia patches made the basis of this suit; **C**, whether singular or plural, that entity which advertised the brand-name hernia patches made the basis of this suit; **D**, whether singular or plural, that entity which had any role in the distributive chain of the brand-name hernia patches made the basis of this suit; **E**, whether singular or plural, that entity which issued any warranty, express or implied, with respect to the brand-name hernia patches made the basis of this suit; **F**, whether singular or plural, that entity whose breach of warranty was a proximate cause of Plaintiff's injuries and/or death made the basis of this suit; **G**, whether singular or plural, that entity which in anywise participated in any testing of any of the brand-name hernia patches made the basis of this suit; **H**, whether singular or plural, that physician (including intern, resident or fellow) who distributed, inserted and/or prescribed to Plaintiff the brand-name hernia patches which contributed to cause the Plaintiff's injuries and/or death made the basis of this suit; **I**, whether singular or plural, that hospital, clinic, or other healthcare facility which undertook to provide medical services to Plaintiff utilizing the brand-name hernia patches made the basis of this suit; **J**, whether singular or plural, that medical partnership, professional association or professional corporation which undertook to provide medical services to Plaintiff utilizing the brand-name hernia patches made the basis of this suit, the negligence, breach of contract or other actionable conduct of which contributed to cause Plaintiff's injuries and/or death; **K**, whether singular or plural, that entity which selected the brand-name hernia patches made the basis of this suit for the particular purpose for which it was required or used; **L**, whether singular or plural, that person, persons or sales representative(s) who recommended, provided and/or sold to the physician, hospital or other healthcare personnel or facility the brand-name hernia patches made the basis of this suit; **M**, whether singular or plural, that entity which provided information referable to the quality, worthiness or fitness of the brand-name hernia patches made the basis of this suit; **N**, whether singular or plural, that entity which failed to warn and/or issued inadequate warnings with reference to the dangers associated with the use of the brand-name hernia patches made the basis of this suit; **O**, whether singular or plural, that entity who or which tested, inspected, approved or issued any approval of the brand-name hernia patches made the basis of this suit; **P**, whether singular or plural that entity which concerning the occasion made the basis of this suit, was the principal of any of the named and/or above-described

fictitious party Defendants; **Q,** whether singular or plural, that entity which is the successor-in-interest of the named and/or above-described fictitious party Defendants; **R,** whether singular or plural, that individual and/or entity, other than those described above, the wrongful conduct of which contributed to cause the Plaintiffs' injuries and/or death made the basis of this suit. (Plaintiffs aver that the identity of the fictitious party Defendants are otherwise unknown to Plaintiffs at this time, or, if their names are known to Plaintiffs at this time, their identity as proper party Defendants are not known to Plaintiffs at this time; but their true names will be substituted by amendment when the aforesaid lacking knowledge is ascertained.)

Defendants.

**SUMMONS**

This service by certified mail of this Summons and Complaint is initiated upon the written request of Plaintiff's attorney pursuant to the Alabama Rules of Civil Procedure upon the following Defendants:

**DAVOL, INC.**
**C/O CT CORPORATION SYSTEM**
**10 WEYBOSSET STREET**
**PROVIDENCE, RI 02903**

**C. R. BARD, INC.**
**C/O TIMOTHY M. RING, PRESIDENT**
**730 CENTRAL AVENUE**
**PROVIDENCE, NJ 07974-1139**

**NOTICE TO DEFENDANTS**

This Complaint which is attached to this summons is important and you must take immediate action to protect your rights. You are required to mail or hand deliver a copy of a written answer, either admitting or denying each allegation in the Complaint to PITTMAN, HOOKS, DUTTON, KIRBY & HELLUMS, P.C., attorneys for the plaintiff, 1100 Park Place Tower, 2001 Park Place North, Birmingham, Alabama 35203. THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN THIRTY (30) DAYS FROM THE DATE OF THE DELIVERY OF THIS SUMMONS AND COMPLAINT OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT. You must also file the original of your Answer with the Clerk of this Court within a reasonable time afterward.

DATED: ______________

______________________________
CLERK OF CIRCUIT COURT

ELECTRONICALLY FILED
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

**IN THE CIRCUIT COURT FOR JEFFERSON COUNTY, ALABAMA**
**CASE NO.: _________________**

**STEPHANIE THEORET, an individual;** )
)
)
**Plaintiff,** )
)
**v.** )
)
**DAVOL, INC.; a corporation;** )
**C.R. BARD, INC.; a corporation;** )

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**A**, whether singular or plural, that entity which designed, manufactured, marketed, distributed and/or sold to Plaintiff the brand-name hernia patches which contributed to cause the Plaintiff's injuries and/or death made the basis of this suit; **B**, whether singular or plural, that entity which developed and/or manufactured the brand-name hernia patches made the basis of this suit; **C**, whether singular or plural, that entity which advertised the brand-name hernia patches made the basis of this suit; **D**, whether singular or plural, that entity which had any role in the distributive chain of the brand-name hernia patches made the basis of this suit; **E**, whether singular or plural, that entity which issued any warranty, express or implied, with respect to the brand-name hernia patches made the basis of this suit; **F**, whether singular or plural, that entity whose breach of warranty was a proximate cause of Plaintiff's injuries and/or death made the basis of this suit; **G**, whether singular or plural, that entity which in anywise participated in any testing of any of the brand-name hernia patches made the basis of this suit; **H**, whether singular or plural, that physician (including intern, resident or fellow) who distributed, inserted and/or prescribed to Plaintiff the brand-name hernia patches which contributed to cause the Plaintiff's injuries and/or death made the basis of this suit; **I**, whether singular or plural, that hospital, clinic, or other healthcare facility which undertook to provide medical services to Plaintiff utilizing the brand-name hernia patches made the basis of this suit; **J**, whether singular or plural, that medical partnership, professional association or professional corporation which undertook to provide medical services to Plaintiff utilizing the brand-name hernia patches made the basis of this suit, the negligence, breach of contract or other actionable conduct of which contributed to cause Plaintiff's injuries and/or death; **K**, whether singular or plural, that entity which selected the brand-name hernia patches made the basis of this suit for the particular purpose for which it was required or used; **L**, whether singular or plural, that person, persons or sales representative(s) who recommended, provided and/or sold to the physician, hospital or other healthcare personnel or facility the brand-name hernia patches made the basis of this suit; **M**, whether singular or plural, that entity which provided information referable to the quality, worthiness or fitness of the brand-name hernia patches made the basis of this suit; **N**, whether singular or plural, that entity which failed to warn and/or issued inadequate warnings with reference to the dangers associated with the use of the brand-name hernia patches made the basis of this suit; **O**, whether singular or plural, that entity who or which tested, inspected, approved or issued any approval of the brand-name hernia patches made the basis of this suit; **P**, whether singular or plural that entity which concerning the occasion made the basis of this suit, was the principal of any of the named and/or above-described fictitious party Defendants; **Q**, whether singular or plural, that entity which is the successor-in-interest of the named and/or above-described fictitious party Defendants; **R**, whether singular or plural, that individual and/or entity, other than those described above, the wrongful conduct of which contributed to cause the Plaintiffs' injuries and/or death made the basis of this suit. (Plaintiffs aver that

the identity of the fictitious party Defendants are otherwise unknown to Plaintiffs at this time, or, if their names are known to Plaintiffs at this time, their identity as proper party Defendants are not known to Plaintiffs at this time; but their true names will be substituted by amendment when the aforesaid lacking knowledge is ascertained.)

Defendants.

## COMPLAINT

## PARTIES

1. Plaintiff, STEPHANIE THEORET ("Ms. THEORET") is a citizen and resident of the County of Jefferson, State of Alabama.

2. Defendant, DAVOL, INC. ("DAVOL") is a corporation that is incorporated under the laws of the State of Rhode Island. DAVOL has its principal place of business in the State of Rhode Island. It manufactures the Composix® Kugel Mesh Patches ("Kugel Patch") at 100 Sockanosset Crossroad, Cranston, Rhode Island. DAVOL has a registered agent in Rhode Island at CT Corporation System, 10 Weybosset St., Providence, Rhode Island. DAVOL focuses its business on products in key surgical specialties, including hernia repair, hemostasis, orthopedics, and laparoscopy.

3. Defendant, C. R. BARD, INC. ("BARD") is a corporation that is incorporated under the laws of the State of New Jersey. It is the corporate parent/stockholder of DAVOL and participates in the manufacture and distribution of the Kugel Patch. It also manufactures and supplies DAVOL with material that forms part of the Kugel Patch. BARD at all times relevant did substantial

and continuous business in the State of Rhode Island.

## FACTS

4. Defendant DAVOL designed, manufactured and distributed the Composix Kugel Patch, a hernia mesh patch, and Mesh that was inserted into Ms. THEORET's body.

5. Defendant DAVOL, through its agents, servants and employees, participated in the manufacture and delivery of the Composix Kugel Patch and Mesh that was inserted into Ms. THEORET's body.

6. The Defendants submitted their 510k Application to the Federal Drug Administration (hereinafter referred to as the "FDA") on January 22, 2001. Following this 510k Application the Composix Kugel Patch was authorized by the FDA as a Class II medical device.

7. On March 22, 2004, Ms. THEORET had an incisional hernia and colostomy site hernia repaired at Medical Center East in Birmingham, Alabama. A Large Oval Composix Kugel Patch and Bard Mesh were implanted into Ms. THEORET by Dr. Robert L. Miles at this time.

8. The Composix Kugel Patch hernia repair products implanted in Ms. THEORET were designed, manufactured, sold and distributed by DAVOL to be used by surgeons for hernia repair surgeries and were further represented by DAVOL to be appropriate, cost-effective and suitable products for such purpose.

9. An FDA Class I recall is issued for problems related to medical devices that are potentially life-threatening or could cause a serious risk to the health of the patients implanted with the devices.

10. On December 22, 2005, DAVOL recalled many sizes of Composix Kugel Patches

under a Class I recall notice.

11. The Composix Kugel Patch was recalled due to a faulty "memory recoil ring" that can break or fail under pressure. Incidents of ring migration, intestinal fistulae, bowel perforation and even death have been reported.

12. On March 24, 2006, the initial Class I recall on the Composix Kugel Patch was expanded to include several more sizes of the patch and numerous additional lots of the defective hernia mesh product.

13. On January 10, 2007, the existing recall on the Composix Kugel Patch was again expanded to encompass further production lots of the defective hernia mesh product.

14. Ms. THEORET began suffering abdominal pain over the next few years which increased in intensity the longer the defective Kugel Hernia Patch was implanted.

15. Numerous surgeons have refused to operate on her to remove the Kugel Hernia Patch and Mesh even though the Kugel Hernia Patch and Mesh failed and have continued to cause considerable pain, discomfort, and damage to Ms. THEORET.

16. Ms. THEORET has suffered and will continue to suffer physical pain and mental anguish.

17. DAVOL and BARD withdrew a large number of Composix Kugel Patches as a result of the high complication and failure rate of the product.

18. Upon information and belief, DAVOL and BARD failed to comply with the FDA application and reporting requirements.

19. Upon information and belief, DAVOL and BARD were aware of the high degree of complication and failure rate associated with their Composix Kugel Patch and Mesh before they were recalled.

20. Upon information and belief, DAVOL and BARD were aware of the defect in manufacture and design prior to the recall of their Kugel Patch and Mesh.

21. Upon information and belief, the complications and failures associated with the Composix Kugel Patches and Mesh are not limited to the sizes which DAVOL and BARD has already recalled.

22. Upon information and belief, DAVOL and BARD were aware of the defect in manufacture and design of the non-recalled Kugel Composix Patch sizes and Mesh and chose not to issue a recall on all Kugel Composix Patches and Mesh in the face of the high degree of complication and failure rates.

**COUNT I**

**NEGLIGENCE**

23. Ms. THEORET re-alleges and incorporates by reference each and every allegation contained in the preceding paragraphs as though fully set forth herein.

24. Defendants DAVOL and BARD were negligent to Ms. THEORET in the following respects:

25. DAVOL and BARD at all times mentioned had a duty to properly manufacture, test, inspect , package, label, distribute, market, examine, maintain, supply, provide proper warnings and prepare for use the Composix Kugel Patch and Mesh.

26. DAVOL and BARD at all times mentioned knew or in the exercise ofreasonable care should have known, that the Composix Kugel Patches and Mesh were of such a nature that they were not properly manufactured, tested, inspected, packaged, labeled, distributed, marketed, examined, sold supplied, prepared and/or provided with the proper warnings, and were unreasonably likely to

injure the users of the Composix Kugel Patch and Mesh.

27. DAVOL and BARD so negligently and carelessly designed, manufactured, tested, failed to test, inspected, failed to inspect, packaged, labeled, distributed, recommended, displayed, sold, examined, failed to examine and supplied the Composix Kugel Patch and Mesh, that they were dangerous and unsafe for the use and purpose for which it was intended.

28. DAVOL and BARD were aware of the probable consequences of the Composix Kugel Patch and Mesh. DAVOL and BARD knew or should have known the Composix Kugel Patch and Mesh would cause serious injury; they failed to disclose the known or knowable risks associated with the Composix Kugel Patch and Mesh. DAVOL and BARD willfully and deliberately failed to avoid those consequences, and in doing so, DAVOL and BARD acted in conscious disregard of the safety of Ms. THEORET.

29. Defendants DAVOL and BARD owed a duty to Ms. THEORET to adequately warn her and her treating physicians, of the risks of breakage, separation, tearing and splitting associated with the Composix Kugel Patch and Mesh and the resulting harm and risk it would cause patients.

30. Defendants DAVOL and BARD breached their duty by failing to comply with state and federal regulations concerning the study, testing, design, development, manufacture, inspection, production, advertisement, marketing, promotion, distribution, and/or sale of the Composix Kugel Patch and Mesh.

31. As a direct and proximate result of the duties breached, the Composix Kugel Patch and Mesh used in Ms. THEORET's hernia repair surgery failed, resulting in Ms. THEORET suffering pain and harm.

32. As a direct and proximate result of DAVOL's and BARD's negligence, Ms. THEORET has suffered injuries and damages.

33. DAVOL's and BARD's conduct in continuing to market, sell and distribute the Composix Kugel Patch and Mesh after obtaining knowledge they were failing and not performing as represented and intended, showed complete indifference to or a conscious disregard for the safety of others justifying an award of additional damages for aggravating circumstances in such a sum which will serve to deter DAVOL, BARD and others from similar conduct in the future.

**Wherefore,** Ms. THEORET requests a judgment against DAVOL and BARD for damages in a sum to confer jurisdiction upon this Court together with interest on that amount at the legal rate from the date of judgment until paid, for court costs and for other such relief this Court deems just and appropriate.

## COUNT II

## ALABAMA EXTENDED MANUFACTURER'S LIABILITY DOCTRINE

34. Ms. THEORET re-alleges and incorporates by reference each and every allegation contained in preceding paragraphs as though fully set forth herein.

35. Defendants DAVOL and BARD have engaged in the business of selling, distributing, supplying, manufacturing, marketing and/or promoting the Kugel Patch and Mesh, and through that conduct they have knowingly and intentionally placed the Kugel Patch and Mesh into the stream of commerce with full knowledge that it would arrive in the judicial district where it was inserted in the Plaintiff. Defendants did in fact sell, distribute, supply, manufacture, and/or promote, individually and collectively, the Kugel Patch and Mesh to Plaintiff, and to her surgeon. Additionally, Defendants expected the Kugel Patch and Mesh they were selling, distributing and supplying, manufacturing and/or promoting to reach, and the Kugel Patch and Mesh did in fact reach, surgeons

and consumers in this State and in this judicial district, including Plaintiff, and her surgeon, without substantial change in the condition of the products.

36. At all times herein mentioned, the aforesaid products were defective and unsafe in manufacture, and were so at the time they were distributed by Defendants and inserted into Plaintiff. Given the severity of the adverse effects of the Kugel Patch and Mesh, the aforesaid products were defective in that they were not properly prepared and/or were not accompanied by proper warnings regarding all possible adverse side effects associated with the use of the Kugel Patch and Mesh. These defects caused serious injuries to the user when the Kugel Patch and Mesh were used in their intended and foreseeable manner; i.e., when it was inserted as prescribed, and in the manner recommended by Defendants.

37. Defendants knew that the aforesaid product was to be used by the user without inspection for defects therein.

38. The Plaintiff used the product for its intended purpose.

39. The aforesaid products were unaccompanied by warnings of their dangerous propensities that were known or reasonably scientifically knowable at the time of distribution. The reasonably foreseeable use of the products involved substantial dangers not readily recognizable by the ordinary user of the product. The Defendants failed to warn of the known or knowable likelihood of injury arising from the dangers and risks of the products.

40. Plaintiff did not know, nor did Plaintiff have reason to know, at the time of the use of the aforesaid products, or at any time prior thereto, of the existence of the foregoing described defects. These defects caused Plaintiff the injuries described herein and the injuries from which the Plaintiff continues to suffer.

41. DAVOL's and BARD's conduct in continuing to market, sell and distribute the

Composix Kugel Patch after obtaining knowledge they were failing and not performing as represented and intended, showed complete indifference to or a conscious disregard for the safety of others justifying an award of additional damages for aggravating circumstances in such a sum which will serve to deter DAVOL, BARD and others from similar conduct in the future.

**Wherefore**, Ms. THEORET requests a judgment against DAVOL and BARD for damages in a sum as permitted by statute together with interest on that amount at the legal rate from the date of judgment until paid, for court costs and for other such relief this Court deems just and appropriate.

## COUNT III

## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

42. Ms. THEORET re-alleges and incorporates by reference each and every allegation contained in preceding paragraphs as though fully set forth herein.

43. Defendants DAVOL and BARD are liable to Ms. THEORET for the negligent infliction of emotional distress in the following respect:

44. Ms. THEORET suffered severe emotional distress, which was as a result of Defendant's negligent conduct in studying, designing, developing, testing, inspecting, manufacturing, producing, advertising, marketing, promoting, distributing, and/or selling of the Composix Kugel Patch and Mesh for hernia repair surgery.

45. Ms. THEORET suffered severe emotional distress, which was as a result of DAVOL's and BARD's negligent conduct in failing to adequately and safely design and construct effective and safe Composix Kugel Patch and Mesh for hernia repair surgery.

46. Therefore, DAVOL and BARD are liable to Ms. THEORET.

47. DAVOL's and BARD's conduct in continuing to market, sell and distribute the Composix Kugel Patch and Mesh after obtaining knowledge they were failing and not performing as represented and intended, showed complete indifference to or a conscious disregard for the safety of others justifying an award of additional damages for aggravating circumstances in such a sum which will serve to deter DAVOL, BARD and others from similar conduct in the future.

**Wherefore,** Ms. THEORET requests a judgment against DAVOL and BARD for damages in a sum to confer jurisdiction upon this Court together with interest on that amount at the legal rate from the date of judgment until paid, for court costs and for other such relief this Court deems just and appropriate.

## COUNT IV

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

48. Ms. THEORET re-alleges and incorporates by reference each and every allegation contained in preceding paragraphs as though fully set forth herein.

49. Defendants DAVOL and BARD are liable to Ms. THEORET for the intentional infliction of emotional distress in the following respect:

50. Ms. THEORET suffered severe emotional distress, which was as a result of DAVOL's and BARD's extreme outrageous, intentional, willful, and reckless conduct in studying, designing, developing, testing, inspecting, manufacturing, producing, advertising, marketing, promoting, distributing, and/or sale of the Composix Kugel Patch and Mesh for hernia repair surgery.

51. Ms. THEORET suffered severe emotional distress, which was as a result of DAVOL's and BARD's extreme outrageous, intentional, willful, and reckless conduct in failing to

adequately and safely design and construct an effective and safe Composix Kugel Patch and Mesh for hernia repair surgery, in complete and reckless disregard of safety to Ms. THEORET.

52. Therefore, DAVOL and BARD are liable to Ms. THEORET.

53. DAVOL's and BARD's conduct in continuing to market, sell and distribute the Composix Kugel Patch and Mesh after obtaining knowledge they were failing and not performing as represented and intended, showed complete indifference to or a conscious disregard for the safety of others justifying an award of additional damages for aggravating circumstances in such a sum which will serve to deter DAVOL, BARD and others from similar conduct in the future.

**Wherefore,** Ms. THEORET requests a judgment against DAVOL and BARD for damages in a sum to confer jurisdiction upon this Court together with interest on that amount at the legal rate from the date of judgment until paid, for court costs and for other such relief this Court deems just and appropriate.

## COUNT V

## BREACH OF IMPLIED WARRANTY

54. Ms. THEORET re-alleges and incorporates by reference each and every allegation contained in preceding paragraphs as though fully set forth herein.

55. Defendants DAVOL and BARD are liable to Ms. THEORET for their breach of implied warranty in the following respect:

56. DAVOL and BARD sold the Kugel Patch and Mesh which was implanted in Ms. THEORET. DAVOL and BARD impliedly warranted to Ms. THEORET, her physicians and health care providers, that the Composix Kugel Patch and Mesh were of merchantable quality and safe for the use for which they were intended.

57. DAVOL and BARD knew or should have known that the Composix Kugel Patch and Mesh at the time of sale were intended to be used for the purpose of surgically implanting them into the body for hernia repair.

58. Ms. THEORET, her physicians and health care providers reasonably relied on DAVOL's and BARD's judgment, indications and statements that the Composix Kugel Patch and Mesh were fit for such use.

59. When the Composix Kugel Patches and Mesh were distributed into the stream of commerce and sold by DAVOL and BARD, they were unsafe for their intended use, and not of merchantable quality, as warranted by DAVOL and BARD in that they had very dangerous propensities when used as intended and implanted into a patient's body where they could cause serious injury of harm or death to the end user.

60. Ms. THEORET suffered such injuries and damages as a result of DAVOL and BARD's conduct and actions.

**Wherefore,** Ms. THEORET requests a judgment against DAVOL and BARD for damages in a sum to confer jurisdiction upon this Court together with interest on that amount at the legal rate from the date of judgment until paid, for court costs and for other such relief this Court deems just and appropriate

## COUNT VI

## FAILURE TO WARN

61. Ms. THEORET re-alleges and incorporates by reference each and every allegation contained in preceding paragraphs as though fully set forth herein.

62. In the course of business, DAVOL and BARD designed, manufactured and sold the

Composix Kugel Patch and Mesh for hernia repair surgeries.

63. At the time of the design, manufacture and sale of the Composix Kugel Patch and Mesh, and more specifically at the time Ms. THEORET received the Composix Kugel Patch and Mesh, they were defective and unreasonably dangerous when put to their intended and reasonably anticipated use. Further the Composix Kugel Patches and Mesh were not accompanied by proper warnings regarding significant adverse consequences associated with the Composix Kugel Patch and Mesh.

64. BARD and DAVOL failed to provide any warnings, labels or instructions of its dangerous propensities that were known or reasonably scientifically knowable at the time of distribution. The reasonably foreseeable use of the products involved significant dangers not readily obvious to the ordinary user of the products. BARD and DAVOL failed to warn of the known or knowable injuries associated with malfunction of the Composix Kugel Patch and Mesh, including but not limited to rupture of the Patch and Mesh which would require subsequent surgical procedures and could result in severe injuries.

65. The dangerous and defective conditions in the Composix Kugel Patches and Mesh existed at the time they were delivered by the manufacturer to the distributor. At the time Ms. THEORET had her hernia repair surgery the Composix Kugel Patch and Mesh were in the same condition as when manufactured, distributed and sold.

66. Ms. THEORET did not know at the time of use of the Composix Kugel Patch and Mesh, not at any time prior thereto, of the existence of the defects in the Patches and Mesh.

67. Ms. THEORET suffered the aforementioned injuries and damages as a direct result of DAVOL and BARD's failure to warn.

68. The conduct of BARD and DAVOL in continuing to market, promote, sell and

distribute the Composix Kugel Patch and Mesh after obtaining knowledge that the products were failing and not performing as represented and intended, showed a complete indifference to or conscious disregard for the safety of others justifying an award in such sum which will serve to deter BARD, DAVOL and others from similar conduct.

**Wherefore,** Ms. THEORET respectfully requests judgment in her favor and against DAVOL and BARD for such amount that is determined to be fair and reasonable, for such other relief as may be fair and reasonable under the circumstances and for her costs.

## COUNT VIII

## CONSTRUCTIVE FRAUD

69. Ms. THEORET re-alleges and incorporates by reference each and every allegation contained in preceding paragraphs as though fully set forth herein.

70. Defendants, while in possession of unique and pertinent information involving the safety and mechanical reliability of its Kugel Composix Hernia Patches and Mesh, presented its Kugel Composix Hernia Patches and Mesh as mechanically sound and failed to warn of its inherent design and/or manufacturing defects. Defendants suppressed this information and continued sales and marketing of its products to the general public. Defendants knew or should have known Plaintiff had no means, other than Defendant's full, accurate, and objective disclosure, of obtaining the relevant information.

71. Through their unique knowledge and expertise regarding the affected nature of the Kugel Composix Hernia Patches and Mesh, and through their statements to physicians and their patients in advertisement, promotional materials, and other communications, Defendants professed

and affirmed to the Plaintiff their knowledge of the truth of the representation that the Kugel Composix Hernia Patches and Mesh were safe for their intended use and were free from design and/or manufacturing defects.

72. Defendants' misrepresentations and omissions were made intentionally to induce Plaintiff to purchase Defendants' Kugel Composix Hernia Patches and Mesh, in order to reap the high profit margin relating to the Kugel Composix Hernia Patches and Mesh.

73. Defendant's conduct took unconscionable advantage of its dominant position of knowledge, engaging in constructive fraud in its relationship with Plaintiff. Misled by this veil of fraud, the Plaintiff reasonably relied on Defendant's representations.

**Wherefore**, Ms. THEORET respectfully requests judgment in her favor and against DAVOL and BARD for such amount that is determined to be fair and reasonable, for such other relief as may be fair and reasonable under the circumstances and for her costs.

**COUNT VIII**

**MISREPRESENTATION BY OMISSION**

74. Ms. THEORET re-alleges and incorporates by reference each and every allegation contained in preceding paragraphs as though fully set forth herein.

75. Defendants misrepresented the mechanical soundness and reliability of the Kugel Composix Hernia Patches and Mesh to the general public through promotional and marketing campaigns. Defendants continued this misrepresentation for an extended period of time, without disclosing material information regarding the defective, hazardous, and harmful complications relating to the Kugel Composix Hernia Patches and Mesh.

76. Defendants took advantage of the limited ability Plaintiff had to discover Defendants' strategic and intentional concealment of the defects in their Kugel Composix Hernia Patches and Mesh.

77. Defendants concealed these design and/or manufacturing defects from the public by withholding information pertaining to the inherent design and/or manufacturing defects and high risks of failure relating to the Kugel Composix Hernia Patches and Mesh, and presenting the devices as sound and reliable.

78. Defendants' intentional misrepresentations and omissions were made willfully, wantonly or recklessly to Plaintiff, the public at large, and Plaintiff's surgeons to induce the purchase of Defendants' Kugel Composix Hernia Patch and Mesh over other hernia mesh repair systems on the market.

79. Defendants knew or should have known of the high risk the Plaintiff would encounter by unwittingly agreeing to have implanted one of Defendants' defectively designed and/or manufactured Kugel Composix Hernia Patches and Mesh.

**Wherefore,** Ms. THEORET requests a judgment against DAVOL and BARD for damages in a sum to confer jurisdiction upon this Court together with interest on that amount at the legal rate from the date of judgment until paid, for court costs and for other such relief this Court deems just and appropriate

**PLAINTIFF REQUESTS A TRIAL BY JURY ON ALL COUNTS.**

Plaintiff, STEPHANIE THEORET
By her Attorney,

/s/ Leigh King Forstman
Leigh King Forstman

OF COUNSEL:

**PITTMAN, DUTTON, KIRBY & HELLUMS, P.C.**
1100 Park Place Tower
2001 Park Place North
Birmingham, Alabama 35203
Phone: 205-322-8880
Facsimile: 205-328-2711
Email: phdkh-efiling@pdkhlaw.com

**<u>ADDRESS OF PLAITNIFF:</u>**
Stephanie Theoret
1710 Tudor Drive
Birmingham, Alabama 35235

**<u>PLEASE SERVE DEFENDANTS BY CERTIFIED MAIL AT:</u>**

**DAVOL, INC.**
**C/O CT CORPORATION SYSTEM**
**10 WEYBOSSET STREET**
**PROVIDENCE, RI 02903**

**C. R. BARD, INC.**
**C/O TIMOTHY M. RING, PRESIDENT**
**730 CENTRAL AVENUE**
**PROVIDENCE, NJ 07974-1139**

| State of Alabama<br>Unified Judicial System<br>Form C-34 Rev 6/88 | **SUMMONS**<br>**- CIVIL -** | **Case Number:**<br>01-CV-2007-900881.00 |
|---|---|---|

**IN THE CIVIL COURT OF JEFFERSON, ALABAMA**
**STEPHANIE THEORET v. DAVOL, INC**

**NOTICE TO** DAVOL, INC, C/O CT CORPORATION SYSTEM 10 WEYBOSSET STREET, PROVIDENCE RI,

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY LEIGH FORSTMAN

WHOSE ADDRESS IS 1100 PARK PLACE TOWER, BIRMINGHAM AL, 35203

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.
TO ANY SHERIFF OR ANY PERSONNEL AUTHORIZED by the Alabama Rules of the Civil Procedure:

☐ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant

☑ Service by certified mail of this summons is initiated upon the written request of STEPHANIE THEORET pursuant to the Alabama Rules of the Civil Procedure

5/11/2007 3:38:44 PM
Date

/s ANNE-MARIE ADAMS
Clerk/Register

By

☑ Certified mail is hereby requested

/s LEIGH FORSTMAN
Plaintiff's/Attorney's Signature

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on ______________________

☐ I certify that I personally delivered a copy of the Summons and Complaint to ______________________

______________________ in ______________________ County, Alabama on ______________________

______________________
Date

______________________
Server's Signature

| State of Alabama<br>Unified Judicial System<br>Form C-34 Rev 6/88 | **SUMMONS**<br>**- CIVIL -** | **Case Number:**<br>01-CV-2007-900881.00 |
|---|---|---|

**IN THE CIVIL COURT OF JEFFERSON, ALABAMA**
**STEPHANIE THEORET v. DAVOL, INC**

**NOTICE TO** C. R. BARD, INC., C/O TIMOTHY M. RING, PRESIDENT 730 CENTRAL AVENUE, PROVIDENCE

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY LEIGH FORSTMAN

WHOSE ADDRESS IS 1100 PARK PLACE TOWER, BIRMINGHAM AL, 35203

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.
TO ANY SHERIFF OR ANY PERSONNEL AUTHORIZED by the Alabama Rules of the Civil Procedure:

☐ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant

☑ Service by certified mail of this summons is initiated upon the written request of STEPHANIE THEORET pursuant to the Alabama Rules of the Civil Procedure

5/11/2007 3:38:44 PM — Date

/s ANNE-MARIE ADAMS — Clerk/Register

By ______________

☑ Certified mail is hereby requested

/s LEIGH FORSTMAN — Plaintiff's/Attorney's Signature

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on ______________

☐ I certify that I personally delivered a copy of the Summons and Complaint to ______________

______________ in ______________ County, Alabama on ______________

______________ Date

______________ Server's Signature

# ATTACHMENT B

# IN THE CIRCUIT COURT FOR JEFFERSON COUNTY, ALABAMA

| | | |
|---|---|---|
| STEPHANIE THEORET, Plaintiff, | ) | |
| v. | ) | Civil Action No.: CV-2007-900881.00 |
| DAVOL INC.; C. R. BARD, INC.; A; B; C; D; E; F; G; H; I; J; K; L; M; N, O, P, Q, R, Defendants. | ) | |

## NOTICE AND FILING OF COPY OF NOTICE OF REMOVAL

**TO:** Honorable Clerk of Circuit Court
of Jefferson County, Alabama
Anne Marie Adams
716 Richard Arrington Jr. Blvd. North
Room 400
Birmingham, AL 35203

PLEASE TAKE NOTICE that this action has been removed to the United States District Court for the Northern District of Alabama, Southern Division ("District Court") by the filing of the attached Notice of Removal with the Clerk of the District Court on June 20, 2007. A copy of this notice is on file with the District Court. The Circuit Court for Jefferson County, Alabama may proceed no further unless or until this case is remanded.

Dated: June 20, 2007

Respectfully submitted,

Crawford McGivaren, Jr.
Melanie M. Bass
Cabaniss, Johnston, Gardner, Dumas & O'Neal LLP
2001 Park Place North
Suite 700
Birmingham, AL 35203
(205) 716-5200

*COUNSEL FOR DEFENDANT DAVOL, INC. AND DEFENDANT C.R. BARD, INC.*

## CERTIFICATE OF SERVICE

I hereby certify that I have served a true and correct copy of the foregoing on all parties to this proceeding, or their attorney of record, as follows:

Leigh Forstman., Esq.
Pittman, Dutton, Kirby, & Hellums, P.C.
1100 Park Place Tower
2001 Park Place North
Birmingham, AL 35203

by placing the same in the United States mail, first class postage prepaid and properly addressed this 20th day of June 2007.

OF COUNSEL