FILED
2007 Jun-27 PM 04:05
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ALABAMA SOUTHERN DIVISION**

| | | |
|---|---|---|
| STEPHANIE THEORET,<br><br>Plaintiff,<br><br>v.<br><br>DAVOL INC.; C. R. BARD, INC.; A; B; C; D; E; F; G; H; I; J; K; L; M; N, O, P, Q, R,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No.: CV-07-J-1157-S |

**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS**
**DAVOL INC. AND C.R. BARD, INC.**

Defendants Davol, Inc. and C.R. Bard, Inc. (collectively "Defendants"), by and through their counsel, answer Plaintiffs' Complaint as follows:

1. Paragraph 1 of the Complaint contains allegations regarding parties other than Defendants to which no response is required. To the extent that a response is required, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 1 of the Complaint and therefore deny the same.

2. Defendant Davol Inc. ("Davol") admits that it is a subsidiary of Defendant C.R. Bard, Inc. ("Bard") organized under the laws of the State of Delaware with its principal place of business at 100 Sockanosset Crossroad, Cranston, Rhode Island. Davol further admits that it has a resident agent at CT Corporation System, 10 Weybosset St., Providence, Rhode Island. Answering further, Davol admits that its business is centered on the production of medical devices, including hernia repair products such as the Composix® Kugel® Patch.

3. Bard admits that it is organized under the laws of the State of New Jersey and that Davol is its subsidiary. Bard denies that it participated in the manufacturing or distribution of the

Composix® Kugel® Hernia Patch or that it manufactures or supplies Davol with materials in regard to the Composix® Kugel® Hernia Patch. Bard does not know what is meant by "substantial and continuous business" and therefore denies the allegation, but does admit that it has conducted business in the State of Rhode Island.

**FACTS**

4. The allegations in this paragraph are not directed to Bard and therefore it denies the same. Davol admits that it designed, distributed, and manufactured the Composix® Kugel® Hernia Patch for use by prescribing physicians in accordance with its accompanying labeling information. As to the remaining allegations contained in Paragraph 4, Davol lacks sufficient knowledge or information to form a belief as to the truth of the allegations and therefore denies the same.

5. The allegations in this paragraph are not directed to Bard and therefore it denies the same. Davol admits that it designed, distributed, and manufactured the Composix® Kugel® Hernia Patch for use by prescribing physicians in accordance with its accompanying labeling information. As to the remaining allegations contained in Paragraph 5 of the complaint, Davol does not know what is meant by "delivery" beyond the meaning of "distributed," which has been admitted, or Davol lacks sufficient knowledge or information to form a belief as to the truth of the allegations. Davol accordingly denies the remaining allegations.

6. To the extent that the allegations in this paragraph are directed to Bard, it denies those allegations. Davol admits that it submitted a 510k Application on October 23, 2000. On January 22, 2001, the federal Food and Drug Administration approved Davol's Composix® Kugel® Hernia Patch for use by prescribing physicians in accordance with its accompanying labeling information.

7. Paragraph 7 of the Complaint contains allegations regarding parties other than Defendants to which no response is required. To the extent that a response is required, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 7 of the Complaint and therefore deny the same.

8. To the extent that the allegations in this paragraph are directed to Bard, it denies those allegations. Davol admits that it designed, distributed, manufactured and sold the Composix® Kugel® Hernia Patch for use by prescribing physicians in accordance with its accompanying labeling information. Davol denies the remaining allegations.

9. Defendants admit that the federal Food and Drug Administration categorizes a "Class I" recall as potentially life threatening or posing a potential for serious bodily harm.

10. Defendants admit that a limited voluntary recall of certain larger-sized Composix® Kugel® Hernia Patches took place in late 2005, early 2006, and early 2007. Defendants further state these products have since been returned to the market with FDA approval.

11. Defendants admit that a limited voluntary recall of certain larger-sized Composix® Kugel® Hernia Patches took place due to a potential for PET recoil ring breaking. Davol further admits that it has received reports of ring migration, intestinal fistulae, bowel perforation, and death.

12. Defendants admit that a limited voluntary recall of certain larger-sized Composix® Kugel® Hernia Patches took place in late 2005, early 2006, and early 2007. Defendants further state these products have since been returned to the market with FDA approval.

13. Defendants admit that a limited voluntary recall of certain larger-sized Composix® Kugel® Hernia Patches took place in late 2005, early 2006, and early 2007. Defendants further state these products have since been returned to the market with FDA approval.

14. Paragraph 14 of the Complaint contains allegations regarding parties other than Defendants to which no response is required. To the extent that a response is required, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 14 of the Complaint and therefore deny the same.

15. Paragraph 15 of the Complaint contains allegations regarding parties other than Defendants to which no response is required. To the extent that a response is required, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 15 of the Complaint and therefore deny the same.

16. Paragraph 16 of the Complaint contains allegations regarding parties other than Defendants to which no response is required. To the extent that a response is required, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 16 of the Complaint and therefore deny the same.

17. Defendants deny the allegations contained in Paragraph 17 of the Complaint.

18. Defendants deny the allegations contained in Paragraph 18 of the Complaint.

19. Defendants deny the allegations contained in Paragraph 19 of the Complaint.

20. Defendants deny the allegations contained in Paragraph 20 of the Complaint.

21. Defendants deny the allegations contained in Paragraph 21 of the Complaint.

22. Defendants deny the allegations contained in Paragraph 22 of the Complaint.

**COUNT I - Negligence**

23. In response to Paragraph 23 of the Complaint, Defendants incorporate by reference their responses to the allegations in all preceding paragraphs of the Complaint.

24. The allegations in Paragraph 24 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny those allegations.

25. The allegations in Paragraph 25 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny those allegations.

26. The allegations in Paragraph 26 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny those allegations.

27. The allegations in Paragraph 27 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny those allegations.

28. The allegations in Paragraph 28 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny those allegations.

29. The allegations in Paragraph 29 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny those allegations.

30. The allegations in Paragraph 30 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny those allegations.

31. The allegations in Paragraph 31 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny those allegations.

32. The allegations in Paragraph 32 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny those allegations.

33. The allegations in Paragraph 33 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny those allegations.

**COUNT II – Alabama Extended Manufacturer's Liability Doctrine**

34. In response to Paragraph 34 of the Complaint, Defendants incorporate by reference their responses to the allegations in all preceding paragraphs of the Complaint.

35. Bard denies the allegations of Paragraph 35. Davol admits that it designed, manufactured, distributed, and sold the Composix® Kugel® Hernia Patch for use by prescribing

physicians in accordance with its accompanying labeling information. Davol denies the remaining allegations in Paragraph 35.

36. The allegations in Paragraph 36 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny those allegations.

37. The allegations in Paragraph 37 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny those allegations.

38. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 38, and Defendants therefore deny those allegations.

39. The allegations in Paragraph 39 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny those allegations.

40. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 40, and Defendants therefore deny those allegations. As to the remaining allegations, they are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny those allegations.

41. The allegations in Paragraph 41 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny those allegations.

**COUNT III – Negligent Infliction of Emotional Distress**

42. These allegations are subject to Defendants' Motion to Dismiss filed contemporaneously with this Answer. Defendants will answer Plaintiff's allegations if and when ordered by the Court.

43. These allegations are subject to Defendants' Motion to Dismiss filed contemporaneously with this Answer. Defendants will answer Plaintiff's allegations if and when ordered by the Court.

44. These allegations are subject to Defendants' Motion to Dismiss filed contemporaneously with this Answer. Defendants will answer Plaintiff's allegations if and when ordered by the Court.

45. These allegations are subject to Defendants' Motion to Dismiss filed contemporaneously with this Answer. Defendants will answer Plaintiff's allegations if and when ordered by the Court.

46. These allegations are subject to Defendants' Motion to Dismiss filed contemporaneously with this Answer. Defendants will answer Plaintiff's allegations if and when ordered by the Court.

47. These allegations are subject to Defendants' Motion to Dismiss filed contemporaneously with this Answer. Defendants will answer Plaintiff's allegations if and when ordered by the Court.

**COUNT IV – Intentional Infliction of Emotional Distress**

48. These allegations are subject to Defendants' Motion to Dismiss filed contemporaneously with this Answer. Defendants will answer Plaintiff's allegations if and when ordered by the Court.

49. These allegations are subject to Defendants' Motion to Dismiss filed contemporaneously with this Answer. Defendants will answer Plaintiff's allegations if and when ordered by the Court.

50. These allegations are subject to Defendants' Motion to Dismiss filed contemporaneously with this Answer. Defendants will answer Plaintiff's allegations if and when ordered by the Court.

51. These allegations are subject to Defendants' Motion to Dismiss filed contemporaneously with this Answer. Defendants will answer Plaintiff's allegations if and when ordered by the Court.

52. These allegations are subject to Defendants' Motion to Dismiss filed contemporaneously with this Answer. Defendants will answer Plaintiff's allegations if and when ordered by the Court.

53. These allegations are subject to Defendants' Motion to Dismiss filed contemporaneously with this Answer. Defendants will answer Plaintiff's allegations if and when ordered by the Court.

**COUNT V – Breach of Implied Warranty**

54. These allegations are subject to Defendants' Motion to Dismiss filed contemporaneously with this Answer. Defendants will answer Plaintiff's allegations if and when ordered by the Court.

55. These allegations are subject to Defendants' Motion to Dismiss filed contemporaneously with this Answer. Defendants will answer Plaintiff's allegations if and when ordered by the Court.

56. These allegations are subject to Defendants' Motion to Dismiss filed contemporaneously with this Answer. Defendants will answer Plaintiff's allegations if and when ordered by the Court.

57. These allegations are subject to Defendants' Motion to Dismiss filed contemporaneously with this Answer. Defendants will answer Plaintiff's allegations if and when ordered by the Court.

58. These allegations are subject to Defendants' Motion to Dismiss filed contemporaneously with this Answer. Defendants will answer Plaintiff's allegations if and when ordered by the Court.

59. These allegations are subject to Defendants' Motion to Dismiss filed contemporaneously with this Answer. Defendants will answer Plaintiff's allegations if and when ordered by the Court.

60. These allegations are subject to Defendants' Motion to Dismiss filed contemporaneously with this Answer. Defendants will answer Plaintiff's allegations if and when ordered by the Court.

**COUNT VI – Failure to Warn**

61. In response to Paragraph 61 of the Complaint, Defendants incorporate by reference their responses to the allegations in all of the preceding paragraphs of the Complaint.

62. Bard denies the allegations of Paragraph 62. Davol admits that it designed, manufactured, and sold the Composix® Kugel® Hernia Patch for use by prescribing physicians in accordance with its accompanying labeling information.

63. The allegations in Paragraph 63 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny those allegations.

64. The allegations in Paragraph 64 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny those allegations.

65. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 65, and Defendants therefore deny those allegations.

66. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 66, and Defendants therefore deny those allegations.

67. The allegations in Paragraph 67 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny those allegations.

68. The allegations in Paragraph 68 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny those allegations.

**COUNT VII[1] - CONSTRUCTIVE FRAUD**

69. These allegations are subject to Defendants' Motion to Dismiss filed contemporaneously with this Answer. Defendants will answer Plaintiff's allegations if and when ordered by the Court.

70. These allegations are subject to Defendants' Motion to Dismiss filed contemporaneously with this Answer. Defendants will answer Plaintiff's allegations if and when ordered by the Court.

71. These allegations are subject to Defendants' Motion to Dismiss filed contemporaneously with this Answer. Defendants will answer Plaintiff's allegations if and when ordered by the Court.

72. These allegations are subject to Defendants' Motion to Dismiss filed contemporaneously with this Answer. Defendants will answer Plaintiff's allegations if and when ordered by the Court.

73. These allegations are subject to Defendants' Motion to Dismiss filed contemporaneously with this Answer. Defendants will answer Plaintiff's allegations if and when ordered by the Court.

[1] Plaintiff incorrectly numbered her "Constructive Fraud" as Count VIII which it should be Count VII.

74. These allegations are subject to Defendants' Motion to Dismiss filed contemporaneously with this Answer. Defendants will answer Plaintiff's allegations if and when ordered by the Court.

75. These allegations are subject to Defendants' Motion to Dismiss filed contemporaneously with this Answer. Defendants will answer Plaintiff's allegations if and when ordered by the Court.

## COUNT VIII - MISREPRESENTATION OF OMISSION

76. These allegations are subject to Defendants' Motion to Dismiss filed contemporaneously with this Answer. Defendants will answer Plaintiff's allegations if and when ordered by the Court.

77. These allegations are subject to Defendants' Motion to Dismiss filed contemporaneously with this Answer. Defendants will answer Plaintiff's allegations if and when ordered by the Court.

78. These allegations are subject to Defendants' Motion to Dismiss filed contemporaneously with this Answer. Defendants will answer Plaintiff's allegations if and when ordered by the Court.

79. These allegations are subject to Defendants' Motion to Dismiss filed contemporaneously with this Answer. Defendants will answer Plaintiff's allegations if and when ordered by the Court.

80. These allegations are subject to Defendants' Motion to Dismiss filed contemporaneously with this Answer. Defendants will answer Plaintiff's allegations if and when ordered by the Court.

81. These allegations are subject to Defendants' Motion to Dismiss filed contemporaneously with this Answer. Defendants will answer Plaintiff's allegations if and when ordered by the Court.

82. These allegations are subject to Defendants' Motion to Dismiss filed contemporaneously with this Answer. Defendants will answer Plaintiff's allegations if and when ordered by the Court.

## SEPARATE DEFENSES

1. The Complaint, in whole or part, fails to state a claim or cause of action upon which relief can be granted.

2. The doctrines contained in Restatement (Second) of Torts § 402A, Comment k, bar Plaintiff's claims in whole or in part.

3. The doctrines contained in Restatement (Third) of Torts, Product Liability §§ 4 and 6, bar Plaintiff's claims in whole or in part.

4. The doctrine of spoliation and the failure to properly preserve evidence necessary to the determination of the alleged claims bars them.

5. Applicable statutes of limitations, statutes of repose, and/or the doctrine of laches bar Plaintiff's claims in whole or in part.

6. Plaintiff's, or her agents', including her physicians', misuse or abnormal use of the product or failure to follow instructions bar the Plaintiff's claims in whole or in part.

7. If Plaintiffs used a product sold by Defendants, then Plaintiffs' claims are barred, in whole or in part, because Plaintiff assumed the risks disclosed by the product labeling, by the prescribing physicians, or by other persons or entities.

8. Any alleged negligent or culpable conduct of Defendants, none being admitted, was so insubstantial as to be insufficient to be a proximate or substantial contributing cause of Plaintiff's alleged injuries.

9. If Plaintiff sustained any damages or injuries, then such damages and injuries were caused or contributed to by the acts, omissions or fault of Plaintiff, including contributory negligence, contributory fault, comparative fault; assumption of the risk, or failure to mitigate damages.

10. If Plaintiff used a product sold by Defendants, Plaintiff used the product for off-label purposes, which bars Plaintiff's claims.

11. The learned intermediary doctrine bars Plaintiffs' claims.

12. Plaintiff's claims are barred, in whole or in part, because the products at issue were designed, manufactured, marketed and labeled with proper warnings, information, cautions and instructions, in accordance with the state of the art and the state of scientific and technological knowledge.

13. Plaintiff's claims are barred, in whole or in part, because the products at issue were not defective or unreasonably dangerous in that they complied with, at all relevant times, all applicable government safety standards.

14. Plaintiff's claims are preempted, in whole or in part, by applicable federal law.

15. Plaintiff's claims are barred, in whole or in part, because Plaintiff's injuries, if any, were the result of conduct of Plaintiff, independent third parties, and/or events that were extraordinary under the circumstances, not foreseeable in the normal course of events, and/or independent, intervening and superseding causes of the alleged injuries, including but not limited to Plaintiff's pre-existing medical conditions.

16. If Plaintiff suffered injury or damages as alleged, which is denied, such injury or damage resulted from acts or omissions of persons or entities for which Defendants are neither liable nor responsible or resulted from diseases and/or causes that are not related or connected with any product sold, distributed, or manufactured by Defendants. Such acts or omissions on the part of others or diseases or causes constitute an independent, intervening and sole proximate cause of Plaintiff's alleged injury or damages.

17. Defendants state that if Plaintiff sustained any damages or injuries, which is specifically denied, and such damages or injuries were caused by the acts, omissions or fault of Plaintiff or others, for whose conduct Defendants are not responsible; accordingly, Defendants are entitled to an assessment of the relative degree of fault for all such persons and entities.

18. Plaintiff's claims are barred, in whole or in part, because Plaintiff's alleged injuries, if caused by the Composix® Kugel® Hernia Patch, which is denied, were the result of Plaintiff's own idiosyncratic reactions.

19. Plaintiff failed to mitigate, which limits Plaintiff's damages, if any, in whole or in part.

20. Defendants have no legal relationship or privity with Plaintiff and owes no duty to Plaintiff by which liability could be attributed to them.

21. Defendants made no warranties of any kind, express or implied, or any representations of any nature whatsoever to Plaintiff. If any such warranties were made, whether express or implied, which Defendants specifically deny, then Plaintiff failed to give notice of any breach thereof. Moreover, Defendants effectively and fully disclaimed any warranty, express or implied, in the sale of any product for which they are responsible in this matter.

22. Plaintiff's causes of action are barred in whole or in part by Plaintiff's own comparative negligence.

23. Plaintiff's recovery, if any, shall be reduced by those payments that Plaintiff received from collateral sources.

24. If Plaintiff has been injured or damaged, no injury or damages being admitted, such injuries were not caused by Defendants' product.

25. At the time the product at issue, the Composix® Kugel® Hernia Patch, left the custody and control of Defendants, there was no defect in said product that either caused or contributed to any injuries or damages that Plaintiff may have suffered, if any.

26. The applicable state and federal law, including *State Farm Mutual Auto. Ins. Co. v. Campbell,* 538 U.S. 408 (2003), bars Plaintiff's alleged claims for punitive or exemplary damages. Permitting recovery of punitive or exemplary damages in this case would violate Defendants' rights as reserved by the Fifth, Seventh, Eighth, and Fourteenth Amendments to the United States Constitution, and related provisions of the United States Constitution, as well as the due process guarantees embodied in the Alabama constitution.

27. To the extent that the applicable state law permits the jury and Courts to measure punitive or exemplary damages by the net worth or financial status of Defendants and imposes greater punishment on defendants with greater net worth, such an award would be unconstitutional because it permits arbitrary punishment, allows bias and prejudice to infect the verdict, and allows dissimilar treatment of similarly situated defendants, all in violation of the due process and equal protection provisions of the Fourteenth Amendment to the United States Constitution, the Commerce Clause of the United States Constitution, and the similar provisions of the Alabama constitution.

28. To the extent Plaintiff's Complaint seeks punitive damages, such claims are barred because Plaintiff has failed to allege conduct warranting the imposition of punitive damages under Alabama and/or other applicable laws.

29. To the extent Plaintiff's Complaint seeks punitive damages, applicable federal law preempts any such claim, in whole or in part.

30. Plaintiff's claims are, in whole or in part, subject to adjudication under the laws of states or jurisdictions other than Alabama.

31. Defendants hereby give notice that they intend to rely upon such other defenses as may become available or apparent during the course of discovery and thus reserves its right to amend this Answer to assert such defenses.

WHEREFORE, Defendant Davol, Inc. and Defendant C.R. Bard, Inc. demand judgment in their favor and against Plaintiff, dismissing Plaintiff's Complaint with prejudice, together with the costs of suit and such other relief as the Court deems equitable and just.

**JURY TRIAL DEMAND**

PLEASE TAKE NOTICE that answering Defendants hereby demand a trial by jury as to all issues.

Dated: June 27, 2007

Respectfully submitted,

Crawford McGivaren, Jr.
Melanie M. Bass
Cabaniss, Johnston, Gardner, Dumas & O'Neal LLP
2001 Park Place North
Suite 700
Birmingham, AL 35203
(205) 716-5200

*COUNSEL FOR DEFENDANT DAVOL, INC. AND DEFENDANT C.R. BARD, INC.*

**CERTIFICATE OF SERVICE**

I hereby certify that I have served a true and correct copy of the foregoing on all parties to this proceeding, or their attorney of record, as follows:

Leigh Forstman., Esq.
Pittman, Dutton, Kirby, & Hellums, P.C.
1100 Park Place Tower
2001 Park Place North
Birmingham, AL 35203

by placing the same in the United States mail, first class postage prepaid and properly addressed this 27th day of June 2007.

OF COUNSEL